## No. 10,921.

### THE STATE EX REL. CITY OF NEW ORLEANS VS. ST. CHARLES STREET RAILROAD COMPANY.

The St. Charles Street Railroad Company, under its contract with the city of New Orleans, was to plank Baronne street from specified points.

The city of New Orleans having caused the contract to pave this street between the said specified points to be adjudicated to the Rosetta Gravel Paving and Improvement Company, and the defendant company having submitted propositions which have been acted upon to pay part of the cost of graveling the street in lieu of the performance of its paving contract, the city must rescind its action in the matter of the said adjudication and of cost, if there be cause, before suit can be maintained to enforce the original contract.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Saml. L. Gilmore, Assistant City Attorney,* for the Relator, Appellant.

*Harry H. Hall* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J. The relator sues to compel the defendant to plank Baronne street, alleging that the defendant bound itself by contract

to plank all mud streets through which its tracks shall pass, with the exception of Dryades street.

The defendant answering says:

That it is ready to comply with its contract by planking Baronne street, from Howard avenue to a point about equi-distant between Sixth and Seventh streets, being that part of Baronne street occupied alone by its tracks, but that the property holders objected, and presented a petition to the Common Council for permission to pave Baronne street with Rosetta gravel.

That the City Comptroller advertised for sealed proposals to pave the said street, paved with the said gravel.

That the Mayor was authorized to contract with the Rosetta Gravel Paving and Improvement Company to pave the said street, and that the city has by its several acts made it impossible for the defendant company to comply with the alleged contract.

Judgment was rendered dismissing plaintiff's suit. as in case of non-suit, from which the relator prosecutes this appeal.

The petition of the property holders on Baronne street states that the defendant company has consented to pay the amount that would be required for laying a plank road on the said street.

It is also shown that a committee reported to the Common Council that defendant company have generally complied with their contracts, except in so far as relates to the planking on Baronne street, and this "default the company are hardly responsible for, as the property owners objected to the planking and failed to agree upon a substitute. The question is now practically settled, however, the property owners having petitioned for a general gravel pavement, the railroad contributing to the expense of same what it would cost to plank the street."

Subsequent to the contract entered into between the plaintiff and the defendant company, the right to gravel this street was adjudicated to the Rosetta Paving and Improvement Company.

The defendant company having acquiesced in this adjudication and promised to pay the cost of planking the street, instead of actually planking it, under the original contract, a difference has arisen about the cost to be paid by the defendant.

The following is an extract from a letter of the president of the defendant company addressed to the City Surveyor:

"That the St. Charles Street Railroad Company is willing to pay

State ex rel. Block & Sons vs. Judge.

in full discharge and satisfaction of its obligation to plank Baronne street, as aforesaid, a sum equal to fifty cents per superficial square yard for each such yard of gravel laid on Baronne street between its track and gutter.

"That it will expend five cents for each superficial square yard * * in repairing said street," etc.

Several witnesses testify that this is less than should be paid.

The question remains undetermined.

Were this cost agreed upon or fixed, no reason is stated why the street should not be graveled in compliance with the ordinance on the subject.

All parties concerned favor the change proposed from plank to gravel, and have, in due form, expressed a preference for the latter.

The question to be settled (it seems to be the only cause of disagreement) is as to the cost which should be paid by the defendant, to be applied toward graveling the street.

Although evidence was admitted on the subject, that issue is not before us for decision.

Unless the action of the Council be rescinded for cause, or issues be presented to the court and evidence adduced showing an unwillingness of the defendant company to comply with its obligations, necessity for judicial action does not arise.

We agree with the district judge that the action is premature, and that until the question of the gravel contract has been settled and the rights under the contract adjudicated to the gravel company is determined, this suit is premature.

Judgment affirmed at appellants' costs.